UNITED STATES of AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

NELLIE HOLLINS,

    Plaintiff,                                  DEMAND FOR JURY TRIAL

-vs-                                                   Case No.
                                                     Hon.

R & R CAR COMPANY LLC, and
CREDIT ACCEPTANCE CORPORATION,

    Defendants.

## COMPLAINT AND JURY DEMAND

## JURISDICTION

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. This lawsuit, being brought pursuant to 15 U.S.C. § 1681 *et seq*, presents a federal question and as such, jurisdiction arises under 28 U.S.C. §1331, 1337.

3. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

4. This lawsuit also seeks equitable relief in that it requests that this Court order the Defendants to contact the Michigan Secretary of State and takes all steps necessary to get the subject vehicle, currently registered to Plaintiff, out of her name so that she is not responsible for it or any damage caused by anyone driving it.

## PARTIES

5. The Plaintiff to this lawsuit is Nellie Hollins who resides in Detroit, Michigan in Wayne County.

6. The Defendants to this lawsuit are as follows:

   a. R & R Car Company LLC ("R&RCCLLC") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

   b. Credit Acceptance Corporation ("CAC"), which is a corporation doing business in Michigan, and whose resident agent, CSC-Lawyers Incorporating Service(Company), maintains its office at 2900 West Road, Ste 500, East Lansing, MI 48823.

7. At all relevant times R&RCCLLC – in the ordinary course of its business -- regularly extended or offered consumer credit for which a finance charge is, or may be imposed or which, by written agreement is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable.

8. R&RCCLLC is a creditor under TILA, 15 U.S.C. § 1602(g) and regulation Z § 226.2(a)(17).

9. Under M.C.L. § 492.114a, CAC is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received.

## **VENUE**

10. The transactions and occurrences which give rise to this action occurred in Macomb County.

11. Venue is proper in the Eastern District of Michigan.

## **GENERAL ALLEGATIONS**

12. On or about February 12, 2021, Plaintiff was in the State of Louisiana.

13. R&RCCLLC accessed Mrs. Hollins's consumer report on or about Friday, February 12, 2021.

14. As a prerequisite to obtaining that consumer report, R&RCCLLC was required to certify to the credit reporting agency from which the report was obtained – that R&RCCLLC had a permissible purpose under the FCRA for accessing and using the consumer report.

15. R&RCCLLC did not have a permissible purpose to use or obtain Nellie Hollins consumer report.

16. On or about February 12, 2021, R&RCCLLC forged Plaintiff's signature on Plaintiff executed a purchase and finance agreement known as a retail installment contract ("forged retail installment contract") with R&RCCLLC for a 2011 Ford Edge, VIN 2FMDK4AK5BBA00169 ("the vehicle").

17. Mrs. Hollins did not agree to enter into the forged retail installment contract nor did she agree to buy a car; she was not even there.

18. R&RCCLLC fraudulently entered Mrs. Hollins into a contract for $21,975.36 worth of payments by forging her signature on the forged retail installment contract and other documents.

19. The retail installment contract is currently held by CAC.

20. Plaintiff never went to Defendant R&RCCLLC.

21. R&RCCLLC forged the signature of Plaintiff on other documents in order to defraud the Plaintiff.

22. R&RCCLLC did not deliver a vehicle to the Plaintiff.

23. R&RCCLLC knowingly stole the Plaintiff's identity.

24. R&RCCLLC delivered a vehicle that it registered to Plaintiff without Plaintiff's consent and without valid insurance.

25. If the vehicle is in an accident, the Plaintiff could be held responsible criminally and financially.

26. R&RCCLLC extended credit to the Plaintiff without Plaintiff's knowledge or consent.

27. R&RCCLLC's fraudulent extension of credit to Plaintiff has adversely affected Plaintiff's credit score.

28. Plaintiff has suffered damages as a direct result of the acts and the omissions of the Defendant as set forth herein.

29. Plaintiff is entitled to be indemnified for any damage done by any uninsured driver of the vehicle.

30. Plaintiff is entitled to an order instructing Plaintiff's to get Plaintiff's name off of the title to this vehicle.

## COUNT I – Violations of the Fair Credit Reporting Act

### (R&RCCLLC and CAC)

31. Mrs. Hollins incorporates the preceding allegations by reference.

32. R&RCCLLC did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

33. R&RCCLLC violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

34. R&RCCLLC violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

35. R&RCCLLC knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

36. R&RCCLLC wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

37. R&RCCLLC, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

38. The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

39. As a direct and proximate cause of the above-alleged actions and omissions of the Defendant, Mrs. Hollins has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

40. The Defendant is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

## COUNT II -- Truth In Lending Act

## (R&RCCLLC and CAC)

41. Mrs. Hollins incorporates the preceding allegations by reference.

42. By failing to provide Mrs. Hollins with a copy of truth in lending disclosures at the time and in the manner prescribed by Regulation Z of the Truth in Lending Act, the dealer has violated the federal Truth in Lending Act, 15 U.S.C. § 1601.

43. R&RCCLLC is liable to plaintiff for actual damages in the amount of $21,975.36 and statutory damages of $2,000.00, costs, and statutory attorney fees in accordance with 15 U.S.C. § 1640.

## COUNT III -- Violation of Michigan Consumer Protection Act

## (R&RCCLLC and CAC)

44. Mrs. Hollins incorporates the preceding allegations by reference.

45. R&RCCLLC is engaged in trade or commerce as that term is defined in M.C.L. § 445.902.

46. R&RCCLLC has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

    a. Representing to a party to whom goods or services are supplied that the goods or services are being supplied in response to a request made by or on behalf of the party, when they are not.

    b. Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

    c. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

    d. Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

    e. Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

    f.    Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

47. Mrs. Hollins has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

48. Mrs. Hollins suffers continuing damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT IV -- Fraud (R&RCCLLC and CAC)

49. Mrs. Hollins incorporates the preceding allegations by reference.

50. The forgery on the forged contract is a material fraud done knowingly and with the intent to harm Plaintiff.

51. As a result of this fraud, Mrs. Hollins has suffered damages in the amount of $21,975.36.

## JURY DEMAND

52. Nellie Hollins demands a jury trial in this case.

## **REQUEST FOR RELIEF**

Plaintiff requests that this Honorable Court assume jurisdiction over this case including all supplemental claims; issue an order instructing the Defendants to get the title out of the Plaintiff's name, award actual damages, statutory damages, costs, and attorney fees.

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

        By:    /s/ Adam G. Taub
                Adam G. Taub (P48703)
                Attorney for Nellie Hollins
                17200 West 10 Mile Rd. Suite 200
                Southfield, MI 48075
                Phone: (248) 746-3790
                Email: adamgtaub@clgplc.net

Dated: March 26, 2021